UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

HOWARD CARL MCLEISH,
(A39 750 197)

        Plaintiff,        05 cv 2780 Judge Motley

    -against-        **COMPLAINT**

MARY ANN GANTNER, District Director
USCIS, New York, New York,

        Defendant.

---

**TO THE HONORABLE JUDGES OF SAID COURT:**

Plaintiff, Howard Carl McLeish, by and through his attorneys, WILENS & BAKER, P.C., states as follows:

**INTRODUCTION**

1. This is a civil action brought pursuant to 28 U.S.C. § 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by whom statutorial jurisdiction is conferred, to compel Defendant to perform a duty Defendant owes to Plaintiff. Jurisdiction is also conferred by 5 U.S.C. § 555 and § 701, et seq, the Administrative Procedures Act, by unlawfully withholding or unreasonably delaying action on Plaintiff's application and has failed to carry out the adjudicative functions delegated to her by law with regard to Plaintiff's case.

2. This action is brought to compel Defendant and those acting under her supervision and direction to rule upon the application and petition filed by the Plaintiff.

**PARTIES**

3. Plaintiff, Howard Carl McLeish, is a citizen of Jamaica, West Indies. He currently resides at 2117 Leeds Mills Lane, #13, Bronx, New York 10475.

4. Defendant, Mary Ann Gartner, is the District Director of the United States Citizenship and Immigration Services for the District of New York and is charged by law with the statutory obligation to adjudicate immigration and naturalization applications.

## FACTS

5. Plaintiff first entered the United States from his home country of Jamaica, West Indies on November 4, 1985, with a valid immigrant visa under Alien Number A39 750 197. His Jamaican passport was stamped with a "P2-2" classification showing his immigrant status as the son of a permanent resident. **(Exhibit A)**

6. On March 4, 1986, Plaintiff filled out the requisite I-90 form to apply for his lawful permanent resident alien registration card because he never received his initial card. **(Exhibit B)**

7. Some time thereafter, Plaintiff completed Form G-731 inquiring about the status of the I-551 Alien Registration Receipt Card. On it, the Service indicated that it had no record of receiving the application as of March 12, 1986. **(Exhibit C)**

8. On June 9, 1986, the District Director of the New York District at that time, Charles C. Sava, wrote a letter to Plaintiff McLeish stating: "You are advised that the records reflect that one, Howard McLeish born February 2, 1966 in Jamaica, West Indies entered the United States at the port of New York City on November 4, 1985 as a lawful permanent resident and was issued Alien Registration Receipt Card, number A-39 750 197." **(Exhibit D)**

9. Again, in November, 1986, Plaintiff completed another G-731 inquiring about the status of the I-551 Alien Registration Receipt Card. Again, the Service indicated that it had no record of receiving the application. **(Exhibit E)**

10. In April, 1987, Plaintiff filled out the I-90 Application by Lawful Permanent Resident for New Alien Registration Receipt Card. It was received by the INS on April 15, 1987. **(Exhibit F)**

11. In November, 1987, the Service responded to Plaintiff's inquiring about the status of the I-551 Alien Registration Card stating: "We regret to inform you that this office has no record of having received the necessary card application. Please contact the INS office that services the area where you reside for assistance." **(Exhibit G)**

12. Thereafter, in November, 1987, Plaintiff received a notice from the Immigration and Naturalization Service indicating that if he did not yet receive his permanent resident card, he should appear at John F. Kennedy International Airport on Monday, November, 23 1987 at 10 a.m. to further process his application. **(Exhibit H)**

13. On January 14, 1988, Plaintiff filled out another I-90 form and checked Box "F" under Section 18 again pointing out that he never received his permanent resident card. **(Exhibit I)**

14. On March 25, 1988, INS sent Plaintiff McLeish a letter by mail instructing him to submit a copy of his biographic information in his passport, the admission and photo page. **(Exhibit J)**

15. On May 15, 1988, Plaintiff McLeish received a notice from the Immigration and Naturalization Service indicating that if he did not yet receive his permanent resident card, he should again appear at John F. Kennedy International Airport on Thursday, June 2, 1988 at 10am to further process his application. **(Exhibit K)**

16. On or about August 20, 1992, Plaintiff received yet another notice from the Service regarding his I-551 inquiry stating that the Service had no record of having received the necessary card application. **(Exhibit L)**

17. On August 21, 1992, Plaintiff had an appointment scheduled at 26 Federal Plaza to replace his Alien Registration Card. There, he filled out another Form I-90. **(Exhibit M and Exhibit N)**

18. On September 3, 1992, Plaintiff filled out Form I-89 to receive his regular I-551. Officer J. Mitchell signed the document. **(Exhibit O)**

19. On February 23, 1998, Plaintiff completed the form N-400 Application for Naturalization. **(Exhibit P)**

20. Plaintiff was granted an interview relating to his naturalization application on May 16, 2000. The interviewing officer noted Plaintiff's statement: "I was never able to obtain a permanent residence card. INS just kept stamping my passport. **(Exhibit Q)** At the INS Fingerprint Center, the officer did a search and provided me with a different A number 39 750 197." His application was recommended for approval. **(Exhibit R)**

21. That same day, Plaintiff made a record of sworn statement stating: "I never received my official green card in the mail. When I applied for citizenship, I was told that my green card number was incorrect. The agent did a name and date of birth search and assigned a new number." In response

to the question, "Have you filed for a replacement Alien Registration Card?," Plaintiff answered, "Yes, repeatedly." **(Exhibit S)**

22. On March 4, 2004, Plaintiff received Defendant's decision regarding his application for naturalization. Ms. Gantner stated that Plaintiff was ineligible for naturalization because he failed to meet his burden of establishing that he was lawfully admitted to the United States as a permanent resident. **(Exhibit T)**

## CLAIMS

23. Defendant has willfully and unreasonably delayed in and has refused to issue an I-551 to Plaintiff, thereby depriving him of his statutory right to lawful permanent residence.

24. Defendant owes Plaintiff the legal obligation to adjudicate the application within a reasonable time and has unreasonably failed to perform that duty.

25. Defendant's failure to adjudicate Plaintiff's application has the effect of placing Plaintiff in a status where he may be subject to Removal (Deportation) Proceedings; where his current status restricts his employment opportunities because of the uncertainty of his application and therefore is a direct financial detriment; where Plaintiff's current status requires him to pay a yearly fee to Defendant to renew his authorization to work in the United States and is another financial detriment; where this delay has also had a detrimental effect on his application for Naturalization.

26. Individuals with pending applications such as Plaintiff's may also be restricted in their ability to travel outside of the United States, even with Defendant's grant of advance parole, due to recent legislation which would bar them from receiving their legal resident status due to their unlawful presence in the United States.

27. Plaintiff has exhausted any administrative remedies that may exist.

**WHEREFORE**, Plaintiff prays that the Court:

    (A)    Compel Defendant and those acting under her to perform their duty and to issue Plaintiff his I-551 with verification that he has been a legal permanent resident since 1985;

    (B)    Grant such other and further relief as to this Court seems proper under the circumstances; and

    (C)    Grant attorney's fees and costs of court.

> Respectfully submitted,
> By:  Lauren J. Morrison, Esq.
>     (LM1658)
>
> _____
> WILENS & BAKER, P.C.
> Attorneys for Plaintiff
> 450 Seventh Avenue
> New York, NY 10123
> 212-695-0060

Dated: March 2, 2005